UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONTREAL D. GREER,

        Plaintiff,

        v.                                    Case No. 23-cv-1618-bhl

SGT. HESTHAVEN,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Montreal D. Greer, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Greer's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Greer has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Greer has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.03. The Court will grant Greer's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Greer was an inmate at the Racine County Jail. Dkt. No. 1, ¶1. Defendant is Sgt. Hesthaven. *Id.*, ¶2. On August 19, 2022, Sgt. Hesthaven ordered correctional staff to place Greer in a padded cell that was covered with feces on the floor and urine on the walls.

2

*Id.*, ¶¶4-6. Greer begged staff not to lay him down on the floor, but they nevertheless removed his clothes and purposedly pushed his face into the feces that was on the ground. *Id.*, ¶7. According to Greer, Sgt. Hesthaven gave the order to push his face into the feces because he had protested to being placed on the "filthy floor." *Id.* Sgt. Hesthaven and correctional staff then left without moving Greer to a clean cell. *Id.*, ¶¶9-10. For relief, Greer seeks monetary damages. Dkt. No. 1 at 3.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Greer asks to proceed on a conditions-of-confinement claim under the Eighth Amendment. Dkt. No. 1. To state a claim, Greer must allege that: (1) he was subjected to conditions that were so adverse that they deprived him "of the minimal civilized measure of life's necessities;" and (2) Defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)). Greer must allege that Defendant knew of and disregarded an excessive risk to his health or safety. *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *Id.*

Greer alleges that Sgt. Hesthaven took him to a cell covered in feces and urine, and when Greer protested, Sgt. Hesthaven ordered correctional staff to push his face into the feces that was

3

on the ground. Based on these allegations, the Court can reasonably infer that Sgt. Hesthaven may have imposed cruel and unusual punishment by subjecting him to extremely unhygienic conditions in his cell. Therefore, Greer may proceed on an Eighth Amendment conditions-of-confinement claim against Sgt. Hesthaven in connection with allegations that he ordered correctional staff to place Greer in an unhygienic cell and push his face into feces on August 19, 2022.

## CONCLUSION

The Court finds that Greer may proceed on an Eighth Amendment conditions-of-confinement claim against Sgt. Hesthaven in connection with allegations that he ordered correctional staff place Greer in an unhygienic cell and push his face into feces on August 19, 2022.

**IT IS THEREFORE ORDERED** that Greer's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Sgt. Hesthaven pursuant to Federal Rule of Civil Procedure 4. Greer is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Sgt. Hesthaven shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as to the Racine County Sheriff, and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of Greer shall collect from his institution trust account the **$346.97** balance of the filing fee by collecting monthly payments from Greer's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Greer is transferred to another institution, the transferring institution shall forward a copy of this Order along with Greer's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Greer is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Greer is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge