UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONTREAL D. GREER,

        Plaintiff,

        v.                                            Case No. 23-cv-1618-bhl

SGT. HESTHAVEN,

        Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Montreal Greer, who is representing himself, is proceeding on a Fourteenth Amendment conditions-of-confinement claim in connection with allegations that on August 19, 2022 Defendant Sgt. Hesthaven ordered correctional staff to place Greer in an unhygienic administrative confinement cell with feces and hair on the floor and then ordered staff to push his face into the feces. Dkt. No. 1. On October 1, 2024, Defendant filed a motion for summary judgment. Dkt. No. 21. Greer requested, and the Court granted, two extensions of his deadline to respond to the motion, with the latest extended deadline having expired on January 30, 2024. Dkt. Nos. 29-35. In granting Greer's most recent extension request, the Court specifically warned him that "[n]o further extensions of time will be granted absent good cause." Dkt. No. 35. Instead of responding within the time allowed in the latest extension, Greer has filed another motion for extension of time on January 27, 2025. Dkt. No. 36. In support of his motion, Greer states that jail staff lost or misplaced "all of his legal paperwork" and there is "no clear timeline as to when the plaintiff's paperwork will be found." *Id*. He asks for another extension of time or for permission to "withdraw this lawsuit without a strike being imposed." *Id*. The Court will deny Greer's motion for an extension of time for two reasons.

First, Greer has not shown good cause for yet another delay. *See* Fed. R. Civ. P. 6(B)(1)(A); *see Alioto v. Town of Lisbon,* 651 F.3d 715, 715 (7th Cir. 2011) (noting that the "good cause" standard under Rue 6 focuses on the diligence of the party seeking the extension and prevention of procrastination from both parties). Greer bases his latest extension request on his missing legal paperwork, which he contends that he lost on or around November 18, 2024, when he was transferred to Temporary Lock-Up. *See* Dkt. No. 33. But at that time, Greer already had possession of Defendant's summary judgment materials for more than seven weeks. *See* Dkt. No. 21. That should have been ample time to prepare a response in this straightforward case. Indeed, Defendant's response materials are not complicated. Defendant largely relies on videotape and photographic evidence, showing there was no feces or hair on the floor of the administrative confinement cell at the time Greer was placed there. Defendant also provides a declaration explaining the circumstances of Greer resisting corrections officers and swearing that Defendant never directed staff to push Greer's face into any hair or feces, which he disputes were even present. *See* Dkt. No. 28. Responding to these materials would not reasonably take months, even for a *pro se* incarcerated prisoner. All Greer needed to do was prepare an affidavit or an unsworn declaration under 28 U.S.C. §1746 with his version of the events that he claims violated his rights. Moreover, granting a further extension and dragging this case out would unfairly prejudice Defendant, who stands accused by Greer in a publicly filed lawsuit of violating Greer's rights. Defendant has an interest in resolving this case promptly and, given the three months of extensions the Court has already provided Greer, it will not leave Defendant hanging in the lurch by granting a further extension.[1]

---

[1] Greer also bears some of the blame if he does not have some of his legal materials to respond at this point. If Greer had been diligent, he would have had more than enough time to respond before the incident in which his paperwork was apparently misplaced. Greer received Defendant's summary judgment materials October 1, 2024, months before the papers allegedly went missing, and instead of responding promptly, he put off that task and requested an extension of his response time. He must now accept the consequences of that decision.

Second, Defendant's summary judgment materials make clear that granting Greer more time would be futile. Defendant has filed videotape and photographic evidence, showing that there was no feces or hair on the floor of the administrative confinement cell at the time Greer was placed there. *See* Dkt. No. 28. Defendant also swears he did not direct staff to push Greer's face into any hair or feces and, indeed that he could not have done so, because there was no hair and feces to begin with. *See* Dkt. No. 24. Greer's allegations of a filthy and soiled administrative confinement cell are not supported by the evidence on the record. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on summary judgment."). Therefore, no reasonable jury could find in Greer's favor; and Defendant is entitled to judgment as a matter of law. Additionally, pursuant to Civil Local Rule 56(b)(9), the Court finds that Greer's failure to timely respond to Defendant's motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for extension of time (Dkt. No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 21) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge